HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Michael A. Yee (CA Bar Assn. No. 258811)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for Creditor
Charter Rental Group, LLC

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>ALBERT FRANCIS NATICCHIONI and PATRICIA MARIE NATICCHIONI,<br><br>Debtors, | Case No. 09-43932-B-11<br>DCN No. HSM-001<br>Date: March 16, 2010<br>Time: 9:31 a.m.<br>Judge: Thomas C. Holman<br>Place: 501 I Street, 6th Flr.<br>Sacramento, CA<br>Courtroom 32 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CHARTER RENTAL GROUP, LLC ("Movant"), by and through its counsel, Hefner Stark & Marois, LLP ("Counsel"), files this Motion for Relief from the Automatic Stay ("Motion") as to the Debtors, ALBERT FRANCIS NATICCHIONI and PATRICIA MARIE NATICCHIONI ("Debtors") and this estate. In support thereof, Movant respectfully represents as follows:

1. On November 2, 2009, the Debtors commenced this case by filing a voluntary Chapter 11 petition (the "Petition Date").

2. This court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §§ 157(b)(1) and 1334, 11 U.S.C. §§ 362(d) and the automatic reference to this court by the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about April 21, 2004, Mid Valley Bank, a division of PremierWest Bank

1

K:\Charter Rental Group LLC\Knighten - Naticchioni Loan (7350-0001)\Naticchioni BK\pldg mtn for relief from stay mtn.wpd

("PWB") made a loan to KENNETH L. KNIGHTEN, AS TRUSTEE OF THE KNIGHTEN 1982 TRUST, DBA KNIGHTEN ENTERPRISES (the "Non-debtor Borrower"), and the Debtors, ALBERT F. NATICCHIONI and PATRICIA M. NATICCHIONI (collectively, "Borrowers"), in the original principal sum of $3,250,000.00 ("the Loan").

4. The Loan was and is evidenced by that certain Promissory Note dated as of April 21, 2004 ("Note"), executed by Borrowers in favor of PWB, a true and correct copy of which is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served herewith.

5. The Note was and is secured by, among other things, a Deed of Trust recorded on April 27, 2004, in the official Records of Shasta County, California as Document No. 2004-0023406 ("Deed of Trust"), covering the real property described therein (the "Property"). The Property is not property of this bankruptcy estate. Rather, the Property is property of a non-debtor entity known as Pine Grove Development, Inc., in which the Debtors hold a 200-share interest as set forth on Schedule "B" of their Schedules filed herein. The Debtors value this interest at $0.00. A true and correct copy of the Deed of Trust is attached as Exhibit "B" to the Exhibits Cover Sheet filed and served herewith. The Note, Deed of Trust, and all other documents executed and delivered to evidence or secure the Loan are hereinafter referred to as the "Loan Documents."

6. On or about September 7, 2007, PWB sold and assigned to Movant all of PWB's right, title and interest in and under the Note, Deed of Trust and the other Loan Documents pursuant to an Assignment of Deed of Trust recorded on November 16, 2007, in the official Records of Shasta County, California as Document No. 2007-0051942 (the "PWB Assignment"). Thus, Movant is the successor-in-interest to PWB with respect to the Loan, and is the holder of PWB's interests under the Note, the Deed of Trust, and other Loan Documents. A true and correct copy of the Assignment of Deed of Trust is attached as Exhibit "C" to the Exhibits Cover Sheet filed and served herewith.

7. Movant has performed all conditions precedent that Movant or its predecessor-in-interest agreed to perform under the Loan Documents, except those matters the performance of which has been excused.

8. On or about February 21, 2008, Movant and Borrowers agreed to modify the Loan to extend the maturity date of the Note to December 31, 2008. A true and correct copy of the Endorsement to Promissory Note dated as of February 21, 2008, which, among other things, extended the maturity date of the Note to December 31, 2008, is attached as Exhibit "D" to the Exhibits Cover Sheet filed and served herewith.

9. The Loan is in default, as the Note became fully due and payable as of December 31, 2008. As of the Petition Date, there was due and owing a total principal amount under the Loan of $4,325,848.43, together with accrued interest of $1,191,299.53, and other charges in the sum of not less than $26,754.52. The total amount due and owing to Movant under the Loan, as of the Petition Date, therefore, was not less than $5,543,902.48.

10. Prior to the Petition Date, Movant demanded in writing that Borrowers pay the delinquent amounts owing under the Note, but Borrowers have failed and refused, and continue to fail and refuse, to pay said amounts and the Loan remains in default.

11. The Deed of Trust contains a power of sale provision pursuant to which Movant is entitled to foreclose its beneficial interest in the Deed of Trust. Due to the Borrower's defaults under the Note, among other defaults, on or about October 22, 2009, Movant caused to be recorded in the Official Records of Shasta County, California, as Instrument No. 2009-0035337, a Notice of Default declaring a default under the Deed of Trust and commencing a non-judicial foreclosure proceeding against the Property pursuant to the terms of the Deed of Trust and California law.

12. Unfortunately, Movant's Loan has become substantially undersecured due to the significant decrease in the value of the Property. Accordingly, Movant has determined that it wishes to be permitted to foreclose judicially against the Property as well, so that it may preserve its deficiency rights against the Borrowers. Movant has prepared a complaint to file in the Shasta County Superior Court and seeks relief from the automatic stay so that it may proceed against the Debtors herein as well as the non-debtor Borrowers.

13. Movant does not seek relief to enforce any money (deficiency) judgment against the Debtors. Assuming Movant obtains a deficiency judgment against the Borrowers following

the state court-ordered sale following the issuance of a judicial foreclosure decree, Movant will not seek to enforce such deficiency judgment against the Debtors. Instead, Movant's deficiency judgment, if any, should be treated as the fixed amount of Movant's claim in this bankruptcy case, entitled to distribution through either a confirmed plan of reorganization or through an ultimate liquidation.

14. With respect to relief from stay to continue with its non-judicial foreclosure proceeding, Movant submits that cause exists in that the Property is not property of the estate, the Debtors assert no equity in the entity that owns the Property, and the Property clearly is not necessary to any reorganization of the Debtors.

15. Pursuant to section 362(d)(1) of the Bankruptcy Code, the court may grant relief from the automatic stay for "cause," including abstention, to allow the action to proceed to judgment in a nonbankruptcy forum. See *In re Universal Life Church, Inc. (ED CA 1991) 127 BR 453, 455*. Thus, in addition of the entitlement to proceed nonjudicially against the Property, the court may grant relief from stay permitting Movant to proceed with a state court judicial foreclosure action.

16. Although the Bankruptcy Code does not define "cause" for purposes of Section 362(d), proceeding with a pre-petition action has been held to constitute cause, as follows: "[R]elief may also be granted when necessary to permit litigation to be concluded in another forum, *particularly if the nonbankruptcy suit involves multiple parties* or is ready for trial." 3 Collier on Bankruptcy, § 362.07[3][a] (15 Ed. Rev. 2005)(emphasis added)(*citing In Re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986)). The bankruptcy jurisdiction statutes indicate that "[a] clear congressional policy exists to give state law claimant a right to have claims heard in state court." *Castlerock Properties*, 781 F.2d at 161.

17. Cause to grant relief from the automatic stay exists where there are grounds for abstention. "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court rial. *In re Tuscon Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990). The Ninth Circuit has identified 12 factors to be considered in determining whether cause exists to grant

4

K:\Charter Rental Group LLC\Knighten - Naticchioni Loan (7350-0001)\Naticchioni BK\pldg mtn for relief from stay mtn.wpd

relief from the automatic stay to allow proceedings outside the bankruptcy court to continue, as follows:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id.* at 1167 (citing *In re Republic Reader's Serv., Inc.*, 81 Bankr. 422, 429 (Bankr. S.D. Tex. 1987)(brackets in original).

18. In this case, cause exists pursuant to 362(d)(1) to grant relief from the automatic stay to proceed with a state court judicial foreclosure action against the Debtors and other Borrowers to allow Movants to obtain a judgment against the Debtors and proceed with foreclosure to recover ownership and possession of the Real Property, or to complete the currently pending non-judicial foreclosure proceedings. See *In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F2d 1162, 1169.

19. Movant will be harmed if relief from stay is not granted because Movant's action against Borrowers other than Debtors is not subject to the automatic stay and Movant will be forced to litigate or proceed in two forums. If the relief from automatic stay is granted, a state court action or non-judicial foreclosure against the Debtors and non-debtor Borrowers will be the most efficient way to proceed with Movant's claims. Movant's claims against the Borrowers are based solely on state law causes of action. If judicial foreclosure is the remedy selected by Movant, state court litigation is fully capable of resolving the claims efficiently, and there is no need to burden this Court's docket with duplicative or overlapping litigation.

20. In fact, relief from the automatic stay is in the best interests of the estate because if relief from stay is granted, the estate will not be forced to expend resources defending an adversary proceeding filed by Movant against the Debtors. By contrast, Movant will be harmed

1 if relief from stay is not granted because it will be subject to delays and it will be forced to
2 proceed in two forums.
3     **WHEREFORE**, Movant prays for an order terminating the automatic stay provisions of
4 Bankruptcy Code Section 362(a) as to the Debtors and the estate, to allow it to exercise any
5 and all of its rights under applicable nonbankruptcy law, including the right to foreclose upon
6 and recover possession of the subject Property and to proceed with state court litigation or to
7 proceed with non-judicial foreclosure under the Deed of Trust and applicable state law.

Dated: February 16, 2010      HEFNER, STARK & MAROIS, LLP

By _/s/ Howard S. Nevins_
Howard S. Nevins, Attorneys for Movant,
Chater Rental Group, LLC